**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Veronica Ana Maria RAMIREZ, aka
Veronica Martinez, aka Veronica Ana
Ramirez, aka Veronica Maria Ra-
mirez, Defendant–Appellant.**

No. 11–50521.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2013.

Filed Dec. 13, 2013.

Curtis A. Kin, Esquire, Assistant U.S., Joseph Timothy McNally, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Richard A. Levy, Esquire, Torrance, CA, for Defendant–Appellant.

Before: SCHROEDER, CLIFTON, and WATFORD, Circuit Judges.

MEMORANDUM *

1. The district court did not plainly err in imposing the standard third-party notification condition of supervised release. The Sentencing Guidelines include the challenged third-party notification condition as a "standard" condition in § 5D1.3(c), rather than in the sections dealing with "special" occupational restrictions. *See* U.S. Sentencing Guidelines Manual §§ 5D1.3(e), 5F1.5 (2011). No

---

* This disposition is not appropriate for publication and is not precedent except as provided

Ninth Circuit precedent holds that imposition of the challenged condition amounts to an occupational restriction. Ramirez relies on *United States v. Britt,* 332 F.3d 1229, 1232 (9th Cir.2003), but that case dealt with a special condition that directly and "expressly limit[ed] the terms" of the defendant's employment at the time it was imposed. In addition, other circuits addressing the challenge raised by Ramirez appear to have split. *Compare United States v. Souser,* 405 F.3d 1162, 1165 (10th Cir.2005), *with United States v. Ritter,* 118 F.3d 502, 504 n. 2 (6th Cir.1997). Under these circumstances, any error could not have been plain or obvious. *See United States v. Thompson,* 82 F.3d 849, 855–56 (9th Cir.1996).

2. The parties agree that, pursuant to the terms of Ramirez's plea agreement, the district court should have dismissed count 1. We remand for that limited purpose.

**AFFIRMED in part and REMANDED in part for the limited purpose of dismissing count 1.**